

E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No. 98-61468-ESD |
| Beulah A. Rice | * | Chapter 13 |
| Debtor | * | |
| * * * * * * * | * * * * * * | |
| Beulah A. Rice | * | |
| Movant | * | |
| v. | * | Adversary No 04-1050-ESD |
| Household Finance Corp. | * | |
| Respondent | * | |
| * * * * * * * | * * * * * * | |

### MEMORANDUM OF OPINION AND ORDER GRANTING JUDGMENT

Debtor filed her Chapter 13 petition on August 14, 1998, and an Order Confirming Debtor's

Chapter 13 Plan was entered on December 10, 1998. On July 20, 1999, Debtor filed an Objection to

Claim filed by Household Finance Corp. ("HFC"). The Proof of Claim filed by HFC alleged it was owed $51,199.82, secured by a second mortgage dated August 20, 1997, on Debtor's real property at 703 Winans Way, Baltimore, Maryland 21229. After several attempts to have HFC respond to discovery requests, and after an evidentiary hearing, this Court disallowed HFC's secured claim for failure to meet its burden of proof as to the amount of the claim. The Court explained that "[a]lthough Household Finance had a claim, it did not establish the amount of its claim by a preponderance of the evidence that the court found persuasive." Order Sustaining Objection to Claim of Household Fin. Corp. at 1. This order was not appealed, and it became final. Debtor's confirmed chapter 13 plan provided for payment to secured creditors outside of the plan, except that arrears owed to HFC were to be paid through the plan. See Debtor Amend. Plan, Dkt. 8.

In January 2004, Debtor filed the Complaint now at issue. Debtor asserts that because HFC's claim was disallowed, with an effective date as of the date of the filing of the bankruptcy petition, any money paid by her during the pendency of her bankruptcy case should be returned to her in restitution by HFC. The Court previously denied a motion for summary judgment filed by Debtor on the basis that she had not established the mere disallowance of a claim renders the lien void and entitles her thereby to restitution for the money paid on the debt.

After trial on January 24, 2005, the Court instructed counsel to further brief the issue of the effect of disallowing a claim in bankruptcy in light of In re Hamlett, 322 F.3d 342 (4th Cir. 2003). Further, the Court requested that the parties brief the res judicata effect of confirmation of a Chapter 13 plan. Both parties filed post-trial memoranda.

The plain language of § 506(d) provides that a lien is void to the extent the underlying secured

-2-

claim is disallowed, subject to exceptions not relevant here. See 11 U.S.C. § 506(d). Section 506(d) provides that

> [t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless –
> (1) such claim was disallowed only sunder section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The entire secured claim of HFC was disallowed. Therefore, under the plain meaning of the statute, HFC's lien is void in its entirety. However, merely determining the lien is void does not entitle Debtor to restitution.

Debtor's claim for restitution under the theory of mistake is not applicable. Debtor states she was making payments on an "apparently enforceable mortgage". See Pl. Trial Brief at 6. There was no mistake of fact as to the existence of the debt, only as to the fact that the debt was secured by a valid lien. Debtor's confirmed plan provides for payments to HFC, and the order confirming the plan is res judicata between these parties. Any payments paid by Debtor after the petition date were voluntary, and acknowledge the fact and existence of the debt due. Therefore, Debtor is not entitled to restitution based on mistake.

The parties raised the issue of res judicata in two different contexts: the claim disallowance proceeding and Debtor's confirmed plan. As to the claim disallowance proceeding, Plaintiff asserted in her pre-trial brief that the order disallowing HFC's claim is res judicata as to the amount owed. HFC counters that the proceeding was not final and on the merits, one of three requirements under res judicata. See In re Varat Enter., 81 F.3d 1310, 1315 (4th Cir. 1996) ("1) the prior judgment was final

and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding."). There was never a determination that there was no debt. The Court only held that HFC did not have a claim allowable in the bankruptcy case. Although disallowing the claim has the effect of voiding the lien, and although completion of the plan will discharge the claim, there has never been any determination that Debtor did not owe money to HFC. Therefore, under these facts, the order disallowing the claim does not have a res judicata effect as to the amount owed.

HFC relies on <u>Cen-Pen Corp. v. Hanson</u>, 58 F.3d 89 (4th Cir. 1995), and <u>Snow v. Countrywide Home Loans, Inc.</u>, 270 B.R. 38 (D. Md. 2001), for the proposition that in order to void the lien, Plaintiff was required to do so affirmatively prior to confirmation, and now the plan is res judicata as to treatment of HFC's claim. Plaintiff, on the other hand, states that she was not required to void HFC's lien prior to confirmation of the plan because the plan did not make any commitments with regard to HFC's lien or claim. Defendant's plea that the res judicata effect of Debtor's plan confirmation bars litigation of its claim is too late. The objection to HFC's Proof of Claim was raised in the main case as a contested matter after Debtor's plan was confirmed. This objection was sustained after a hearing on the matter. Whether and to what extent confirmation of Debtor's plan is res judicata as to treatment of HFC's claim should have been raised during the previous proceedings. The intervening final order disallowing HFC's secured claim forecloses the res judicata defense.

It is, therefore, by the United States District Court for the District of Maryland

ORDERED, that the mortgage lien of HFC on 703 Winans Way, Baltimore, MD 21229, is

VOID; and it is further

ORDERED, that judgment is granted in favor of Defendants on Plaintiff's restitution claim.

**End of Order**

cc:
Beulah A. Rice
703 Winans Way
Baltimore, MD 21229
DEBTOR/PLAINTIFF

Peter B. Turney
Law Offices of Peter B. Turney
757 Frederick Road, Ste. 102
Baltimore, MD 21228
ATTORNEY FOR PLAINTIFF

Jeffrey L. Friedman
Friedman and Associates
100 Owings Ct., Suite 4
Reisterstown, MD 21136
ATTORNEY FOR DEFENDANT

Chapter 13 Trustee